CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 13 2008

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FREDERICK W. LAYNE, ) | |
| Petitioner, ) | Civil Action No. 7:07-cv-00558 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TRACEY RAY, ) | By: Hon. James C. Turk |
| Respondent. ) | Senior United States District Judge |

Petitioner Frederick W. Layne ("Layne"), a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Layne challenges the validity of his September 26, 2005 conviction in the Circuit Court of Campbell County for malicious wounding. He was sentenced to ten years in prison with five years and four months suspended. Respondent has filed a motion to dismiss, to which petitioner has responded, making the matter ripe for the court's consideration. Upon review of the record, the court concludes that the motion to dismiss must be granted, and the habeas petition shall be dismissed without prejudice to allow Layne to exhaust state court remedies as to all claims.

Layne filed an appeal to the Court of the Appeals of Virginia, contending the evidence presented at trial was insufficient to support a conviction for malicious wounding. The court denied his petition on May 3, 2006. Layne then filed a state habeas corpus petition in the Supreme Court of Virginia on August 4, 2006, alleging that he had been deprived of his right to appeal. The Supreme Court of Virginia granted that petition on November 17, 2006, and gave Layne an opportunity to appeal from the May 3, 2006 order by the court of appeals. Layne, by counsel, then filed a petition for appeal in the Supreme Court of Virginia, again challenging the sufficiency of the evidence. The court refused his petition on August 10, 2007.

Layne next filed a habeas petition in the U.S. District Court for the Eastern District of Virginia, which was subsequently transferred to the U.S. District Court for the Western District. In his petition, Layne attacked the validity of his detention based on "Ineffective counsel/See Ground A" and "See: Ground B." While it is unclear what Grounds A and B refer to specifically, Layne's petition appears to set forth two grounds for relief. First, Layne asserts that the evidence presented at trial was insufficient to sustain a conviction for malicious wounding. Second, Layne argues that his attorney provided ineffective assistance by failing at trial to raise the issue of provocation–specifically, that his attorney failed to show that before Layne struck his victim, his victim provoked Layne by hitting him in the head.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). A petitioner has exhausted his state remedies if he has presented his claims to the state's highest court or has defaulted his claims and no longer has any state remedy. See Teague v. Lane, 498 U.S. 288, 298 (1989); Matthews v. Evatt, 105 F.3d 907, 910 (4th Cir. 1997); Bassette v. Thompson, 915 F.2d 932, 935-937 (4th Cir. 1990). If the petitioner has failed to exhaust state court remedies or if the petition presents a mixture of claims that are exhausted and unexhausted before the state courts, the federal court must dismiss the petition. Rose v. Lundy, 455 U.S. 509 (1982); Slayton v. Smith, 404 U.S. 53 (1971). This principle protects the petitioner from the long standing limitations on successive petitions by allowing petitioner to attempt exhaustion of state court remedies of the unexhausted claims so that he may later seek federal review of all claims in a single petition, once all claims are exhausted. Id.; 28 U.S.C. § 2244(b).

2

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code. § 8.01-654. A non-death row felon in Virginia can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he may file a direct appeal to the Virginia Court of Appeals, see Va. Code §17.1-406(A), with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he may attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code §8.01-654(A); §17.1-406(B). Finally, he may exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. See Va. Code §8.01-654(A). Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

In the instant case, Layne's claim regarding the sufficiency of the evidence has been exhausted, as it was presented to the Supreme Court of Virginia on direct appeal. His petition however, also raises a separate claim of ineffective assistance of counsel. There is no indication that Layne has presented this claim to the Supreme Court of Virginia, either in a direct appeal or in a habeas corpus petition. Accordingly the ineffective assistance claim is not exhausted as required under § 2254(b).[1]

---

[1] In his response to the motion to dismiss, Layne admits that his current claims are not the same claims that he previously raised in state court. He asserts that his current claim is that he was provoked into committing the malicious wounding. If he wishes to raise this new claim in this court under § 2254, he must first return to state court and pursue the claim in habeas proceedings there, in order to satisfy the exhaustion requirements of § 2254(b).

3

In conclusion, Layne's failure to exhaust his state court remedies as to <u>all</u> claims in his petition mandates dismissal of his petition without prejudice.[2] Therefore, the court will grant respondent's motion to dismiss. An appropriate final order will be entered this day.

The Clerk of the Court is directed to send copies of this memorandum opinion and the accompanying final order to petitioner.

ENTER: This 13th day of March, 2008.

/s/ James C. Turk
Senior United States District Judge

---

[2] If he is still unsuccessful in obtaining relief after presenting his claims to the Virginia Supreme Court through one of the three routes described for exhaustion, Layne may re-file his federal habeas claims in a new § 2254 petition. Layne is advised, however, that his time to file a state or federal habeas petition is now limited. <u>See</u> 28 U.S.C. § 2244(d); Va. Code § 8.01-654(A)(2).

4